■ KINGSTON CABLEVISION, INC., Respondent, v. TELECABLE CORPORATION et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered July 7, 1972 in Ulster County, which granted a motion by the plaintiff for summary judgment, and from the judgment entered thereon. On April 21, 1970 appellant, as seller, and respondent, as buyer, entered into a contract for the sale of all equipment, licenses, franchises and other assets owned by appellant and employed in the operation of a community antenna television system in the Town of Rosendale, New York. As evidence of the buyer's good faith, a down payment of $7,000 was deposited with appellants. The parties agreed that the transaction was to be completed within 90 days and that time was of the essence, and it was further provided as a condition precedent to the closing that seller and buyer would apply to the appropriate municipal authorities for a permit or license "authorizing Buyer to operate a CATV system in the Villages of Rosendale and Tilson [sic] for a period of at least fifteen (15) years." Appellant had been operating in the Village of Rosendale and certain other surrounding areas, but not in Tillson. Thus, respondent had to seek a franchise broader than that held by appellants. Before any action was taken by respondent, one Sheeley, doing business as Vidacable C.A.T.V. Systems, was, on June 10, 1970, granted an exclusive franchise to operate a CATV system in, among other areas, the hamlet of Tillson. Contending that the grant of this exclusive franchise to Sheeley effectively precluded respondent from complying with the contractual condition precedent, respondent sought a refund of its down payment, which was refused. This action ensued. Special Term agreed that the contract could not be performed, and granted summary judgment in respondent's favor in the amount of $7,000. While we agree with Special Term's determination that the contract was incapable of performance, there exist triable issues of fact which preclude summary judgment. As previously noted, respondent was under a contractual obligation to seek a franchise. Although we recognize that any such efforts between June 10, 1970 and the expiration of the 90-day period on July 20, 1970 would have been futile, appellants' answering papers contain material allegations sufficient to raise an issue of fact as to whether respondent's failure to act prior to June 10, either to oppose the application of Sheeley, or to present itself as an alternate applicant, constituted a breach of its duty owed to appellant to seek a franchise in good faith. The grant of summary judgment was therefore improper. Order and judgment reversed, on the law, and motion denied, with costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.